IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID F. PFINGSTLER, )
)
          Plaintiff, )
)
  -vs- )   Civil Action No. 13-84E
)
CAROLYN W. COLVIN,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
          Defendant. )

AMBROSE, Senior District Judge.

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 5 and 7). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 6 and 8). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (Docket No. 7) and granting in part and denying in part Plaintiff's Motion for Summary Judgment. (Docket No. 5).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed his application for disability insurance benefits on December 9, 2011, alleging he had been disabled since August 19, 2008. (ECF No. 3-5, p. 6). He filed his application for supplemental security income on February 13, 2012, alleging he had been disabled since September 30, 2009. (ECF No. 3-5, p. 8). Administrative Law Judge ("ALJ"), Barbara Artuso, held a video hearing on September 13, 2012. (Docket No. 3-2, pp. 28-62). On September 28, 2012, the ALJ found that

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

Plaintiff was not disabled under the Social Security Act. (Docket No. 3-2, pp. 13-24). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 5 and 7). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

    **B.**     **Whether the ALJ erred in failing to discuss Global Assessments of Functioning (GAF) scores noted by Plaintiff's treating physicians[2]**

Plaintiff submits that the ALJ erred in failing to discuss any of Plaintiff's assigned GAF scores. (ECF No. 6, pp. 5-8). An ALJ need not discuss each and every treatment record. *See, Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001). In this case, however, the ALJ failed to mention or discuss the impact of any of the GAF scores assigned to Plaintiff and documented in

---

[2] A GAF score is used to report an individual's overall level of functioning with respect to psychological, social, and occupational functioning. The GAF scale ranges from the lowest score of 1 to 100, the highest score possible. The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000).

3

the record. While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings, they are medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011), *citing,* 65 Fed.Reg. 50746–01, 50764–65 (2000). As a result, GAF scores should be discussed by ALJs. *Sweeney v. Comm'er of SS,* 847 F.Supp.2d 797, 802 (W.D. Pa. 2012). "Indeed, courts have recognized that 'a GAF score at or below 40 *should be carefully considered* because such a low score reflects 'a major impairment in several areas such as work, family relations, judgment, or mood.'" *Sweeney, quoting Conklin v. Astrue,* 360 Fed Appx. 704, 707 n. 2 (8th Cir. 2010).

In this case, Plaintiff's GAF scores range from 25[3] to 54, with multiple of the scores at or below 50. (ECF No. 3-8, pp. 17, 21; No. 3-9, p. 65, No. 3-10, pp. 29, 46). A GAF score between 21 and 30 denotes behavior that is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g. sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g. stays in bed all day, no job, home or friends). *See* Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV-TR"). A GAF score between 41-50 sometimes denotes "serious symptoms (e.g., suicidal ideation…)…OR any serious impairment in social, occupational, or school functioning." *Id.* An individual with a GAF score in this range (41-50) *may* be "unable to keep a job." *Rios,* at *2, n. 3. GAF scores of 51-60 indicate moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers). *See,* Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV-TR").

---

[3] Plaintiff states that the scores range from 20 to 54 without citation to the record. (ECF No. 6, p. 6). I have reviewed the record and locate a low score of 25, not 20. (ECF No. 3-9, p. 65).

Here, the ALJ completely failed to mention these scores at all or how they factored into her decision of Plaintiff's work-related abilities and limitations. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The complete failure to discuss the low GAF scores prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further consideration.

**C.      Whether the ALJ erred by engaging in "sit and squirm" jurisprudence**

Plaintiff argues that the ALJ erred by engaging in "sit and squirm" jurisprudence. (ECF No. 6, pp. 8-10). The "sit and squirm" method is employed when an ALJ expects a claimant to behave a certain way at the hearing and if the claimant fails to manifest the behaviors, the claim is denied. *Van Horn v. Schweiker,* 717 F.2d 871 (3d Cir. 1983); *Facyson v. Barnhart,* 94 Fed.Appx. 110, *3 n. 7 (3d Cir. 2004). Here, Plaintiff submits that the ALJ engaged in this method when she concluded that Plaintiff's "limited activities of daily living were more a lifestyle choice than a frank disability" which the ALJ based on Plaintiff's interactions with his representative and others during the hearing. (ECF No. 6, pp. 8-10).

After a review of the record, I disagree with Plaintiff that the ALJ engaged in "sit and squirm" jurisprudence. The ALJ considered Plaintiff's demeanor and testimony at the hearing, but only in conjunction with other evidence in the record in determining whether Plaintiff was disabled under the Act. (ECF No. 3-2, pp. 13-24). Thus, Plaintiff's demeanor was not the *sine qua non* of the ALJ's decision. Based on the same, I find that the ALJ did not engage in "sit and squirm" jurisprudence. Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID F. PFINGSTLER, )
          Plaintiff, )
 -vs- ) Civil Action No. 13-84E
CAROLYN W. COLVIN,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 3rd day of March, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 5) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 7) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing memorandum opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.